486 P.2d 82

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**Douglas SHEPHERD, Defendant-Appellant.**

**No. 10187.**

Supreme Court of Idaho.

June 10, 1971.

John Hjellum, II, Boise, for defendant-appellant.

Robert M. Robson, Atty. Gen., and Stewart A. Morris, Asst. Atty. Gen., Boise, for plaintiff-respondent.

SPEAR, Justice.

Appellant was indicted by a grand jury on August 11, 1967, for the crime of committing a lewd and lascivious act with a minor child under the age of 16, in violation of I.C. § 18–6607. The offensive acts al-

3. See Mountain States Implement Co. v. Sharp, *supra.*

228

legedly occurred on or about June 19, 1966, with appellant's 12-year old stepdaughter. After the trial, on December 18 and 19, 1967, at which the stepdaughter, Bonita Kinney, and her brother, Vernon Kinney, appeared as witnesses against appellant, the jury returned a verdict of guilty.

Appellant moved to arrest the judgment, to acquit notwithstanding the verdict and for a new trial, all of which motions were denied by the district court. Thereafter the district judge rendered a judgment of conviction and sentenced appellant to imprisonment in the state prison of the State of Idaho for an indeterminate term with a maximum of ten years. From these rulings on his motions and from the judgment and sentence, appellant has appealed.

Although appellant asserts 26 separate assignments of error, none of them have any merit with the exception of his appeal from the district court's denial of his motion for a new trial. The error committed by the trial court which demands the granting of a new trial was induced by the trial judge's reliance on State v. Owen, 73 Idaho 394, 253 P.2d 203, which is overruled insofar as the holding thereof is in conflict with the opinion expressed herein.

At the trial of this cause, after the state had completed its case in chief and the appellant's motion for dismissal had been denied, the appellant took the stand and testified in his own behalf. The cross-examination by the attorney for the state began as follows:

"Q  Mr. Shepherd, you have been convicted of this same crime before, haven't you?

"MR. HJELLUM: I object to this.

"THE COURT: Sustained. I will sustain the form of the question.

"Q  Have you been convicted of a felony before?

"A  Yes.

"Q  What was that?                    .

"MR. HJELLUM: I object to this as irrelevant, immaterial and move that the Court instruct the jury to disregard this line of questioning and disregard this as prejudicial to this defendant and ask for a cautionary instruction to be given and also cite to you—I believe there is one case. I thought there was another case— well, that is my objection.

"THE COURT: I am going to overrule the objection because of the matter that was raised in the case of State versus Owen, 73 Idaho 394 [253 P.2d 203]. This type of questioning is allowable for certain purposes and I will take under advisement your Motion for a Cautionary Instruction. The objection is overruled.

"Q  What was that felony?

"A  That same as this.

"Q  Lewd and lascivious conduct?

"A  Yes."

■ It is our opinion that the last two questions and answers deprived the appellant of a fair trial because of the bias and prejudice necessarily built up against him by the disclosure of a former conviction of the same offense with which he was charged at the time of trial.

To permit the introduction of such evidence under the guise of "impeachment" is even more serious when one realizes that the prior offense had been committed more than five years before the trial in the present case. Additionally, the state had already attempted to present evidence of that prior offense through the victim and prosecutrix (the older sister of Bonita and Vernon Kinney) and objection to the same was sustained by the trial judge. This evidence was excluded on the basis the offer of proof indicated a considerable remoteness of time (more than 5 years) and the fact that the prior offense involved a person different from the prosecutrix making it irrelevant and immaterial either for purposes of corroboration or showing a course of conduct or a pattern of offenses on the part of the accused. In so ruling the trial judge was entirely correct. Yet under the ruling of Owen, the same judge later felt compelled to permit the inquiry which resulted in divulging the very information and

evidence which he had earlier ruled inadmissible.

This clearly points out why the rule in *Owen* must be changed. I previously called attention to this deficiency in our procedure in a specially concurring opinion in State v. Dunn, 91 Idaho 870 at 878, 434 P.2d 88 (1967), and concluded that while the majority opinion unquestionably stated the majority rule in the United States, I deemed it erroneous. The present cause is an excellent example why that rule is erroneous.

Our statutes cited in *Dunn*, i. e., I.C. § 9–1209 [1], § 9–1302 [2] and § 19–2110 [3], do not require disclosure of either the number or the nature of the felony or felonies of which an accused has been previously convicted, to be used for impeachment purposes when he has taken the stand in his own defense. In spite of any instruction which a jury may be given, specifically limiting the consideration which the jury may or should give to evidence concerning an accused's prior criminal record, a defendant would be prejudiced in the jury's eyes for having committed those past crimes; and he well may be found guilty on the basis of this past record rather than on the evidence presented during the particular trial. Additionally, unless the scope of the inquiry into his past record is limited, a defendant may decide not to exercise his right to take the witness stand in his own defense because of his fear of resulting prejudice when the jury learns of the details of his prior criminal record.

This is particularly true when one or more of the prior offenses is for the same

or substantially the same conduct for which the accused is on trial. As is pointed out by Justice Burger (now Chief Justice of the United States), when a member of the Circuit Court of Appeals of the District of Columbia, in Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967), this raises a special and very difficult problem, for " * * * strong reasons arise for excluding those which are for the same crime because of the inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time'."

In the cause at hand, the corroborative evidence of the alleged misconduct, which incidentally was not disclosed to anyone for over a year and a half, and then by her brother, not the alleged victim, was extremely thin; and it is not out of the realm of possibility, if not even probability, that the disclosure of the prior conviction for the same offense could well have been the deciding factor in the jury's verdict of guilty in the trial below.

Therefore, it is time to overrule the *Owen* case insofar as it permits such disclosure. As I stated in *Dunn*, we agree with the dissenting opinion of Justice Keeton in *Owen* and the majority opinion in State v. Coloff, 125 Mont. 31, 231 P.2d 343 (1951) and particularly the specially concurring opinion of Chief Justice Adair, beginning at page 346. Under this rule, when an accused has taken the stand as a witness in his own behalf and is asked the general question, "Have you ever been previously convicted of a felony?" and the accused answers in the *affirmative*, the

---

1. "9–1209. Impeachment by adverse party. —A witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony."

2. "9–1302. Privilege of witnesses—Questions required to be answered.—A witness must answer questions legal and pertinent to the matter in issue, though

his answer may establish a claim against himself; but he need not give an answer which will have a tendency to subject him to punishment for a felony; nor need he give an answer which will have a direct tendency to degrade his character, unless it be the very fact in issue, or to a fact from which the fact in issue would be presumed. But a witness must answer as to the fact of his previous conviction for felony."

3. "19–2110. Rules of evidence.—The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code."

prosecution is prohibited from interrogating any further concerning the number or nature of such previous felony or felonies. The accused has been labeled indelibly in the minds of the jurors as a felon, and thus his testimony has been impeached.

On the other hand, should the defendant deny he has ever previously been convicted of a felony, then, of course, the prosecution is entitled to elicit, either by cross-examination, or the record of the judgment, or judgments, any and all felony convictions in the record of the accused.

Because of the practicalities involved in the application thereof, we do not feel Idaho is ready for what might be deemed the more enlightened rule now extant in the District of Columbia. Their statute, relative to impeachment through use of former convictions, is quite comparable to the Idaho statute in that both provide that such convictions "*may* be given in evidence" either by cross-examination or by use of records. The rule provides that a defendant who has a criminal record may ask the court in the absence of the jury to weigh the probative value of the convictions as to his credibility against the degree of prejudice which the revelation of his past crimes would cause; and he may ask the court to consider whether it is more important for the jury to hear his story than to know about prior convictions in relation to his credibility. Then while recognizing the undesirability of prolonging a trial unduly the circuit court of appeals for the District has pointed out that the best way for the district judge to evaluate the situation is to have the accused take the stand in a non-jury hearing and elicit his testimony and allow cross-examination before resolving this issue. See Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965); Brown v. United States, 125 U.S.App.D.C. 220, 370 F.2d 242 (1966); Stevens v. United States, 125 U.S.App.D.C. 239, 370 F.2d 485 (1966); Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936 (1967).

■ We want it clearly understood that in changing the rule as we have in this

decision, we do not disturb the rule that evidence of other crimes by the defendant is admissible when relevant to (1) motive, (2) intent, (3) the absence of mistake or accident, (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of the one tends to establish the other, (5) the identity of the person charged with the commission of the crime on trial, and (6) other similar issues. See Drew v. United States, 118 U.S.App.D.C. 11, 331 F.2d 85 (1964), and II Wigmore, Evidence §§ 300–306 (3d ed. 1940).

The rule we do prefer, however, concerning the use of prior convictions for the purpose or under the guise of impeachment is as previously set forth in this opinion, and it is well stated, together with sound reasoning for the rule, in that portion of Justice Keeton's dissent to *Owen* as follows:

"If, however, a defendant in a criminal action, or a witness is to be impeached because of prior felonies committed, such impeachment should be limited to the fact that he has been so convicted and the name or details of the particular crime of which he was formerly convicted and punished should not be inquired into. In other words, when the witness answers he has been convicted of a felony, the examination or cross-examination in this regard should end. [citations] There is no case in Idaho, prior to this decision, which holds the particular felony, or the details of the crime are proper subjects to be introduced for impeachment purposes.

"Every attorney, with even limited experience in criminal practice, knows that impeachment of an accused in a criminal case is not, in fact, the real purpose of the examination. It simply pictures the misconduct and villainy of the accused and prejudices the jury by injecting hate into the proceedings.

\*     \*     \*     \*     \*     \*

"The testimony regarding the felonies of which appellants had been previously

convicted did not have the remotest connection with the crime of which appellants stood charged. I assume, without citations of extensive authority, that it is well recognized the commission of other crimes has no pertinent bearing on whether or not an accused is guilty or innocent of the particular offense being investigated. [citations] The other crimes herein testified to by the appellants were in nowise linked to, or connected with, the crime with which the appellants stood charged." (73 Idaho at 427, 253 P.2d at 224)

Because appellant was not afforded the protection of this rule, he was not accorded a fair trial.

Judgment and sentence and order denying motion for a new trial reversed and cause remanded for a new trial.

McQUADE, C. J., and McFADDEN and DONALDSON, JJ., concur.

SHEPARD, J., dissents.