531 P.2d 582
**STATE of Idaho, Plaintiff-Respondent,**
v.
**James M. SHIELDS, Defendant-Appellant,**
and
**Wallace Rhodes, Defendant.**
**No. 11604.**

Supreme Court of Idaho.
Jan. 30, 1975.

---

Stewart Morris, King, Wiebe & Morris, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM:

This case arises out of the following sequence of events which occurred on September 17, 1972. Wallace Rhodes and James M. Shields were being held prisoner in the Elmore County jail. They escaped that day from the jail by overpowering the Elmore County sheriff, taking with them two handguns which they found there. Some time later they encountered a Mountain Home policeman who, under the threat of their drawn guns, was forced to drive them from Mountain Home in his patrol car. They traveled along State Highway 68 toward Fairfield in the police car for some distance; then Rhodes and Shields decided to switch to another escape vehicle. They directed the policeman to overtake a car, driven by Margaret Uffelman, and force it to stop. They then ordered her and her husband Edward out of the car and, still holding the Mountain Home police officer captive, entered the Uffelman vehicle and drove away. The policeman was later released unharmed.

Wallace Rhodes and James Shields were both charged with three criminal counts: escape from confinement following conviction of a felony, kidnapping and robbery. Rhodes plead guilty to the robbery count, and the other two counts were dismissed against him. Shields was tried and convicted on all three counts and has appealed.

■ Regarding the escape count, appellant Shields argues that there was insufficient evidence to prove he escaped from confinement following conviction of a felony. The state introduced evidence showing a James Shields had been convicted of a felony and placed on probation. Subsequently he was arrested on a bench warrant for parole violation and he was in custody under the bench warrant at the time of the escape in question. Shields contends that there was insufficient identification of him as the same James Shields referred to in the judgment of conviction contained in state's exhibit #3. We have reviewed the record and conclude that the state met its burden of proof on this count. State v. McClurg, 50 Idaho 762, at 789, 300 P. 898 (1931). The conviction on the escape count is affirmed.

■ Shields further contends that the evidence did not show the robbery of the Uffelmans took place in Elmore County, as charged by the information. The prosecution witnesses testified that the robbery occurred at a point approximately 27 miles from Mountain Home and 6 to 7 miles beyond Tollgate, but no testimony was elicited stating that the location of the robbery was in Elmore County. The prosecution must prove to the jury all the material facts alleged in its information, including the county in which the crime was committed, if a conviction is to be sustained. No evidence was presented to the jury to show beyond a reasonable doubt that the robbery was committed in Elmore County; thus the evidence is inadequate to sustain the verdict and judgment of conviction. The state's argument that we may take judicial notice of the county in which the robbery took place is not persuasive because we are deciding whether there was sufficient evidence presented to the jury to sustain its verdict, not whether we may apprise ourselves of such matters not found in the record. The judgment of conviction on the robbery count is reversed.

■ Finally, Shields claims the admission of evidence showing a prior felony conviction was highly prejudicial and improperly admitted and deprived him of a fair trial. He asks that all the convictions be set aside for that reason and that he be given a new trial. The evidence objected to was presented to prove an element of the count of escape from confinement following conviction of a felony. Evidence of the felony conviction upon which

**494**

his confinement is based is essential to establish an element of the crime for which the defendant was charged. Consequently, the claim that prejudicial evidence was admitted and that the convictions should be set aside is without merit. *See* State v. Shepherd, 94 Idaho 227, 486 P.2d 82 (1971).

The judgments of conviction for escape and kidnapping are affirmed. The judgment of conviction for robbery is reversed.