531 P.2d 1172

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**John Stanley DAYLEY, Defendant-Appellant.**

**No. 11300.**

Supreme Court of Idaho.

Feb. 6, 1975.

Rayborn, Rayborn, Barchas & Ronayne, Twin Falls, for appellant.

W. Anthony Park, Atty. Gen., Boise, for respondent.

BAKES, Justice.

The defendant John Stanley Dayley was charged by information with the crimes of robbery and resisting an officer by means of violence arising out of an arrest that occurred on September 25, 1972. At trial he interposed the defense of temporary insanity at the time of the offense as the result of involuntary drug intoxication. He was convicted on both counts and appeals.

Sometime after 2:30 a. m. on September 25, 1972, defendant Dayley, who was wearing a pillowcase over his head and carrying a handgun, entered a 24-hour-a-day Twin Falls supermarket. He demanded the money in the store's safe, but the safe was empty because the store had recently made a night deposit of the money kept in it. Dayley appeared befuddled by the fact that the safe was empty, but continued to hold his gun upon the store employees. After some hesitation and indecision upon the part of both Dayley and the store employees, one of the employees suggested

that Dayley might take the money in the store's cash registers, and Dayley agreed. The store employees emptied $6,998 from the cash registers as Dayley watched and waited, then gave him the money in a paper bag. When Dayley then left the store police officers were waiting for him in the parking lot and attempted to arrest him. Dayley refused to surrender to them and held his gun on one officer as he attempted to get away. Following Dayley's refusal to drop his gun and surrender, he was shot and captured. Three months later he was brought to trial.

Dayley admitted to having taken the money from the store and to refusing to surrender to the police, but interposed the affirmative defense of lack of mental capacity due to involuntary drug intoxication. It was Dayley's claim that during the evening before the incident an acquaintance of his younger brother had adulterated his coffee with "orange sunshine," a street name for lysergic acid diethylamide (LSD). Dayley claimed that his actions in the store and parking lot were the product of an altered mental and emotional state caused by the involuntary ingestion of that drug.

Dayley's lone assignment of error in this case concerns certain questions the prosecutor asked him during his cross-examination. Dayley was asked if he were in a precarious financial condition in September of 1972 and if he had written several dishonored checks during that or the previous month, including one to the same supermarket. Dayley contends that allowing cross-examination concerning insufficient fund checks which the prosecutor accused him of writing, over his objection, was error because the statute provides that a witness may only be impeached by evidence of previous wrongful acts if they have led to a felony conviction. He bases his argument on the following statute:

"9–1209. *Impeachment by adverse party.* —A witness may be impeached by the party against whom he was called, . . . but not by evidence of particu-

lar wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony."

Dayley contends that because the insufficient fund checks he was accused of writing did not result in a felony conviction that the prosecutor may not refer to them during cross-examination.

We agree with Dayley that reference could not be made to the writing of dishonored checks for the purpose of impeachment by reference to prior misdeeds, but that does not preclude reference to them for other purposes. As we said in State v. Shepherd, 94 Idaho 227, 486 P.2d 82 (1971), I.C. § 9–1209 "do[es] not disturb the rule that evidence of other crimes by the defendant is admissible when relevant to (1) motive, [or] (2) intent . . .." 94 Idaho at 230, 486 P.2d at 85; State v. Hatton, 95 Idaho 856, at 864, 522 P.2d 64 (1974).

When the defendant admitted the holdup of the store and raised the issue of his mental capacity at the time, intent became a major issue in the case because it tended to reflect on the defendant's rationality. The defendant himself claimed that his motivation for robbing the store was to regain money which he claims, because of his impaired mental condition, he thought the store owed him as the result of a transaction involving his business partner. Apparently his partner had written some insufficient fund checks to the market and had written checks on their business account, in which the defendant had a financial interest, in order to cover his personal insufficient fund checks. The defendant at trial claimed that because of his distorted mental condition he thought he was justified in getting back the money which he claimed his partner wrongfully took out of the business and paid to the market. Thus, the intent of the defendant was a critical issue. The evidence of his embarrassed financial condition and his conduct in writing insufficient fund checks immediately prior to the robbery was relevant evidence

on the issue of motive and intent to commit robbery. *See* State v. White, 46 Idaho 124, 266 P. 415 (1928).

It must be pointed out that the evidence of the insufficient fund checks written by the defendant prior to the robbery was first introduced into the case, not by the prosecution, but by the defense in its cross-examination of one of the prosecution witnesses, Mr. Knutson. Further, the defendant had testified that the reason that the gun and bullets were in the car was because he had been target shooting with his father-in-law earlier. But, in the cross-examination of the defendant which is here objected to, the state was able to establish that the gun used in the robbery was in fact one of two guns purchased just two or three days prior to the robbery with an insufficient fund check written by the defendant on the partnership business account. This was the same account which he claims his partner improperly used to pay off personal insufficient fund checks to the market which the defendant is accused of robbing. In the opening cross-examination of the defendant, he initially denied that he was having any serious financial problems, and it was in response to that reply that the prosecution questioned him concerning the insufficient fund checks, outstanding indebtedness at finance companies, repossessions as a result of failure to make payments or making payments with insufficient fund checks.

Under the circumstances of this case, the cross-examination of the defendant was relevant and material to the issue of his mental condition and a possible motive for robbing the store. Therefore, the trial court did not commit error in permitting the defendant to be cross-examined concerning previous insufficient fund checks and the other evidence of the defendant's financial condition. State v. Shepherd, *supra*. *See also* State v. Hatton, *supra*.

Judgment of conviction affirmed.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.