538 P.2d 791

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Cathy B. COCHRAN, Defendant-Appellant.**

**No. 11530.**

Supreme Court of Idaho.

July 24, 1975.

James F. Judd, Public Defender, Post Falls, for defendant-appellant.

W. Anthony Park, Atty. Gen., Thomas Vasseur, Asst. Atty. Gen., Coeur d'Alene, for respondent.

Wayne L. Kidwell, Atty. Gen., Peter E. Heiser, Jr., Chief Deputy Atty. Gen., for plaintiff-respondent.

McQUADE, Chief Justice.

This appeal is from a jury verdict finding defendant-appellant guilty of kidnapping in the second degree. Appellant, Cathy B. Cochran, is the natural mother of Jacqueline Bowen and James Lee Bowen,

both of whom are minors under the age of sixteen. Pursuant to a stipulation and court order, the custody of these children was removed from the appellant on October 31, 1972 and placed with the Idaho Department of Social and Rehabilitation Services [1] (hereinafter the Department) for an indeterminate period of time not to exceed one year. The order was issued by the Magistrate's Division of the District Court. An employee of the Department orally consented to allow the appellant to have the children over the Christmas holiday. It was agreed that the children would be picked up on December 22nd and returned at 12:00 noon on December 28, 1972. No other conditions were attached to the children's visit.

The children were picked up on the 22nd of December by the appellant. A supervisor of the Department visited the Cochrans in their home to see them with the children on the 26th of December. After the visit, and later on in the same day, appellant drove by car with her children into the State of Montana. On December 28th, a supervisor went to the Department's office in Coeur d'Alene to receive the children. When appellant failed to return the children at noon on the 28th, the supervisor notified the sheriff's office. A supervisor went to Butte, Montana to return the children to the custody of the Department. The children returned with the supervisor to Coeur d'Alene on January 6, 1973.

Growing out of her failure to return the children on the 28th of December, appellant was charged with kidnapping in the second degree. The original information charging appellant with this offense was amended twice, so that the amended amended information under which appellant was tried read as follows: [2]

"That the said Cathy Cochran is hereby accused by R. Romer Brown, Senior Deputy Prosecuting Attorney for Koo-

tenai County, Idaho, by this Amended Amended Information with the CRIME OF KIDNAPPING IN THE SECOND DEGREE, committed as follows: That the said defendant detained Jacqueline Bowen and James Lee Bowen, children under the age of sixteen (16) years, with the intent to keep or conceal said children from their lawful custodian and guardian, the Idaho State Department of Social and Rehabilitation Services (Environmental and Community Services); that the said defendant wilfully, intentionally, feloniously and unlawfully detained said children, Jacqueline Bowen and James Lee Bowen. That said wilful intentional and felonious and unlawful acts were committed by the defendant on or about the 28th day of December, 1972, at or about 12:00 noon; that said defendant detained the above named children from the Idaho Department of Social and Rehabilitation Services (Environmental and Community Services) at the City of Coeur d'Alene, Kootenai County, Idaho, by failing to return said children to the lawful custodian and more specifically by taking said children from the jurisdiction of the State of Idaho, all of which is contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Idaho."

The charge against appellant was consolidated for trial with charges of kidnapping and three counts of issuing insufficient funds checks against David Cochran, appellant's husband. Appellant and her husband both moved for separate trials prior to the time of trial. At the hearing on the motions for severance, the State argued that there was a common scheme to write the insufficient funds checks, take the children, and leave the county. Based upon the State's representations, the court denied both motions.

---

1. This Department is presently known as the Department of Health and Welfare.

2. The original information filed against appellant charged that she "led, took and enticed away, and detained" the minor children. The amended amended information charged appellant only with the unlawful detention of her minor children.

Before trial commenced, attorneys for both sides stipulated that on October 31, 1972 an order in the Magistrates Division was entered placing the custody of the children with the Department for an indeterminate period of time not to exceed one year. No testimony was to be introduced concerning facts behind the order. The trial judge stated the stipulation was not entirely fair to the State and instead read a substantial part of the order to the jury, although deleting those findings of fact which he believed were unduly inflammatory and unnecessary. Appellant objected to this modification of the stipulation agreement. The order was not presented for identification, identified, or admitted as evidence in the case.

Throughout the course of the trial appellant made several motions for a mistrial on the basis of prejudicial misjoinder. These motions were denied. Appellant also moved to dismiss the charges against her, claiming that the court lacked jurisdiction over her and that the evidence was insufficient to prove that the crime of kidnapping was committed. The court denied these motions. It is from the trial court's order denying the motion for judgment of acquittal, or in the alternative for a new trial that this appeal was brought. We reverse.

In her first assignment of error appellant argues that the court lacked jurisdiction to hear the criminal kidnapping charges brought against her. We agree.

As a general rule,

" . . . proceedings conducted, or decisions made, by a court are void where there is an absence of jurisdiction over the subject matter; . . ."[3]

This Court noted in *State v. Shannon*,[4] that to show jurisdiction,

" . . . the State must allege in the information and prove that the offense was committed in the state and within the jurisdiction of the court."

The amended amended information alleged that the charged offense occurred in the City of Coeur d'Alene, in Kootenai County, Idaho, on or about the 28th day of December, 1972, at or about 12:00 noon. However, the evidence which was introduced at trial clearly demonstrated that appellant was in the State of Montana at the time of the commission of the alleged offense. Thus if any crime was committed, it was committed in the State of Montana and not in Idaho.

Appellant was permitted visitation of the children up until noon on December 28th, 1972. Her actions up until that point did not violate the visitation agreement nor any criminal kidnapping statute. There were no travel restrictions, so that the appellant was within her visitation rights when she took her children to Montana on the 26th of December. Only after the time for the return of the children had elapsed at noon on the 28th of December without their return, did a violation of the visitation agreement occur.

The alleged violation was the continued retention of the children without approval from the Department. However this continued custody occurred outside the State of Idaho. As the California Supreme Court noted in *People v. Buffum*:[5]

" . . . ordinarily, a state does not impose punishment for acts done outside its territory."

The State having failed to prove that the alleged kidnapping occurred in Kootenai County, Idaho, jurisdiction did not exist in the State of Idaho to try this case.[6]  I.C. §

---

3. *State v. Mowrey*, 91 Idaho 693, 695, 429 P.2d 425, 427. (1967).

4. 95 Idaho 299, 303, 507 P.2d 808, 812 (1973).

5. 40 Cal.2d 709, 716, 256 P.2d 317, 320 (1953). *See also People v. Bormann*, 6 Cal. App.3d 292, 85 Cal.Rptr. 638 (1970).

6. *See State v. Losolla*, 84 N.M. 151, 500 P.2d 436 (1972); and cases cited within 21 Am. Jur.2d, Criminal Law, § 383 at 403, for the proposition that jurisdiction in criminal matters rests solely in the courts of the state or county in which the crime is committed.

19–307, which purports to be a jurisdictional statute but which is more like a venue statute, does not, and indeed cannot create a crime in the State of Idaho for conduct in the State of Montana. The statute's utility is limited to determining which county is the proper place for a trial when the offense of kidnapping and similar offenses are committed within the State of Idaho. Since any offense which may have occurred took place in Montana, the statute is inapposite.

It is unnecessary to pass upon defendant's other assignments of error, as her contention attacking the trial court's jurisdiction to hear the charges brought against her is dispositive.

Judgment of conviction is reversed, and the information dismissed.

McFADDEN, DONALDSON, SHEPARD, and BAKES, JJ., concur.