539 P.2d 999

**STATE of Idaho, Plaintiff-Respondent,**

v.

**David COCHRAN, Defendant-Appellant.**

**No. 11540.**

Supreme Court of Idaho.

July 30, 1975.

Everett D. Hofmeister, Sandpoint, for defendant-appellant.

Wayne L. Kidwell, Atty. Gen., Gordon S. Nielson, Senior Deputy Atty. Gen., Lynn E. Thomas, Deputy Atty. Gen., Boise, for plaintiff-appellee.

DONALDSON, Justice.

Defendant-appellant David Cochran was initially charged with kidnapping in the second degree, I.C. § 18-4501(2), and four counts of issuing insufficient funds checks, I.C. § 18-3106. His case was consolidated for trial with that of his wife, Cathy B. Cochran, who was charged only with the kidnapping offense. All charges stemmed from the detention of two minor children who were the issue of Cathy Cochran's previous marriage.[1]

Both appellant and his wife filed motions for severance prior to trial. The district court denied both motions with the exception that one count of issuing insufficient funds checks was separated for individual trial. Amended charges were filed and trial by jury was commenced November 26, 1973. During the course of trial, appellant made several motions for mistrial on the basis of prejudicial misjoinder. Appellant also moved for dismissal of charges on the grounds of failure of proof. At the close of the State's case, the kidnapping charges against appellant were terminated when the district court granted appellant's motion for directed verdict of acquittal on that charge. However, the other above described motions were denied. The jury returned a verdict finding Cathy B. Cochran guilty as charged.[2] The appellant, David Cochran, was also found guilty of three counts of issuing insufficient funds checks and sentenced to an indeterminate period not to exceed three years on each count to run concurrently. Appeal was perfected to this Court from the orders and verdict dated December 29, 1973, and upon the ground that the evidence was insufficient to sustain the verdict.

The appellant initially assigns error to the district court's failure to grant motion for judgment of acquittal or in the alterna-

1. Pursuant to stipulation and court order, the custody of both children had been removed from the appellant's wife and placed for an indeterminate period not to exceed one year with the Idaho Department of Social and Rehabilitation Services, presently known as the Department of Health and Welfare. An employee of that Department orally consented to allow visitation rights to the appellant's wife over the Christmas holidays. It was agreed that the childen would be picked up on De-

cember 22nd and returned at 12:00 noon on December 28, 1972. Upon failure of appellant's wife to return the children, the Department notified the sheriff's office. A supervisor went to Butte, Montana, where the children had been taken, and returned them on January 6, 1973.

2. Appeal followed whereupon conviction was reversed by this Court on the grounds of lack of jurisdiction. See *State v. Cochran*, 96 Idaho 862, 538 P.2d 791.

tive for new trial based upon the prejudicial misjoinder of his case with that of his wife.

■ I.C.R. 13[3] recognizes the need to give the trial judge power to avoid multiplicity of trials by providing for consolidation. Whether circumstances are such that consolidation is proper is determined by I.C.R. 8(b).[4] *United States v. Bova,* 493 F.2d 33, 35 (C.A. 5, 1974); 8 R.Cipes, *Moore's Federal Practice,* § 8.05(1), 8–17, 8–18 (1974). That rule dictates that the test for joinder is whether the offenses charged are alleged to have been part of a connected series of acts or transactions. The district court addressed itself to this issue and concluded:

> "It appears highly probable that the three checks issued on December 24th, 1972, and the kidnapping charges are transactions connected together. It appears highly probable that the issuance of the checks on December 24th, 1972, was *for the purpose of securing funds with which to carry out the kidnapping.* For this reason these charges are properly consolidated for trial."

The above statement is supported by the record. Therefore, we hold that the district court did not commit error in construing I.C.R. 8(b) to allow joinder of the defendants as charged.

■■ The propriety of joinder is determined by what is alleged, not what the proof eventually shows. As set forth in *United States v. Roselli,* 432 F.2d 879 (C.A. 9, 1970):

> "It is implicit in the language of Rule 8(b) that so long as all defendants participate in a series of acts constituting an offense or offenses, *the offenses and defendants may be joined even though not all defendants participated in every act constituting each joined offense. Rule 8(b)'s 'goal of maximum trial convenience consistent with minimum prejudice' is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges."* 432 F.2d at 899. (emphasis added)

Even when the "binding" count which furnishes the basis for initial joinder fails, misjoinder is not implied and a conviction will not be reversed for failure to sever unless prejudice is shown. In *Schaffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), three counts of the indictment contained substantive charges against several different persons and the fourth count charged all of the defendants with a conspiracy to commit the substantive offenses. The conspiracy count was dismissed at the end of the government's case for failure of proof. On appeal, the appellants alleged that the failure of the conspiracy count resulted in an automatic misjoinder, but the court did not agree:

> "Petitioners contend that prejudice would nevertheless be implicit in a continuation of the joint trial after dismissal of the conspiracy count. They say that the resulting prejudice could not be cured by any cautionary instructions, and that therefore the trial judge was left with no discretion. Petitioners overlook, however, that the joinder was authorized under Rule 8(b) and that subsequent

---

3. "Rule 13. Trial Together of Complaints, Indictments and Informations.—The court may order two (2) or more complaints, indictments or informations or both to be tried together if the offenses and the defendants, if there is more than one (1), could have been joined in a single complaint, indictment or information. The procedure shall be the same as if the prosecution were under such single complaint, indictment or information."

4. "Rule 8. Joinder of offenses and of defendants.—(b) Joinder of defendants. Two (2) or more defendants may be charged on the same complaint, indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

severance was controlled by Rule 14, which provides for separate trials where 'it appears that a defendant . . . is prejudiced . . . by such joinder for trial . . . .' It appears that not only was no prejudice shown, but both the trial court and the Court of Appeals affirmatively found that none was present. We cannot say to the contrary on this record. Nor can we fashion a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law. We do emphasize, however, that, in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear. And where, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice." 362 U.S. 515, 516, 80 S.Ct. 948.

■ In the case at bar, the failure of the kidnapping count against the appellant is not an indication of misjoinder. The good faith of the allegations supporting initial joinder is demonstrated by the fact that there was at least some evidence against David Cochran with respect to the kidnapping charge. Appellant was shown to have been involved in negotiations with the Department of Health and Welfare to obtain temporary custody of the children. Moreover, Cochran used a fictitious name after arriving with the children in Montana, where he had apparently intended to stay with Mrs. Cochran inasmuch as he made a down payment on a house. Initial joinder was clearly justified. We therefore next turn to the issue of whether er-

ror was committed in the district court's failure to grant severance under I.C.R. 14.[5]

■ Parties properly joined under I. C.R. 8(b) may be severed under I.C.R. 14 if it appears that joint trial would be prejudicial. The burden of showing prejudice, however, rests upon the appellant [6] and this burden has not been met. An allegation of prejudice due to passion on the part of the jury is alleged but not supported by the record. Further, the appellant seeks to establish prejudice due to complexity of issues. By virtue of joinder, the appellant contends that he was "deprived of being faced with clear-cut issues, and the opportunity of presenting his defense with clarity. * * *." We disagree. Jurors have been called to decide far more difficult cases than that of the appellant and have regularly performed that function with credit. In *United States v. Roselli, supra,* appellants made the same contention.

"Appellants' basic contention is that the issues were so complex, the trial so lengthy, and the evidence admissible against only one or some of the four so voluminous and prejudicial, that the jury could not make a fair assessment of each individual defendant's guilt. But the story was simple— a half-dozen men, using various interstate facilities, cheated at cards at the Friar's Club intermittently over a period of years. The factual issues were not complex—though the charges were fairly numerous, they were based upon only a few incidents. * * * With only four defendants and relatively few critical factual incidents to consider, an exhaustive presentation by both sides over an extended period, and careful guidance by the court, we

---

5. "Rule 14. Relief from prejudicial joinder. —If it appears that a defendant or the state is prejudicied by a joinder of offenses or of defendants in a complaint, indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order

the attorney for the state to deliver to the court for inspection in camera any statements or confessions made by the defendants which the state intends to introduce in evidence at the trial."

6. *Schaffer v. United States, supra; The American Bar Association Project on Minimum Standards for Criminal Justice,* Joinder and Severance, §§ 2, 4, p. 45 (Approved draft 1968).

think the jury was competent to accord each appellant fair and impartial consideration." 432 F.2d at 901, 902.

▉ The appellant next assigns error to the district court's failure to dismiss the insufficient funds check charges on the ground of insufficiency of evidence. He argues that it is essential in the prosecution of an insufficient funds check charge that one giving the check should have knowledge of insufficiency of funds or absence of credit with the bank. Where the drawer has reasonable expectation the check will be paid, the appellant argues a conviction cannot be had. We agree with this argument but find that the appellant did not meet its demands. I.C. § 18–3106 provides that "the making, drawing, uttering or delivering of such [insufficient funds] check * * * shall be prima facie evidence of intent to defraud and of knowledge of no funds or insufficient funds as the case may be * * *." The crime is completed upon the drawing, uttering or delivering of an insufficient funds check. *State v. Roderick,* 85 Idaho 80, 375 P.2d 1005 (1962).

▉ Appellant does not dispute that he drew and uttered the checks specified in the prosecuting attorney's information. Rather he contends that he believed he had funds in the bank when the checks were written. The appellant testified that a "large deposit", which was to have insured the presence of funds in the bank, was a payment expected on December 21, 1972 from a firm which was usually late with its payments. The insufficient funds checks were written on December 24, 1972, and it is evident from appellant's testimony that he had no affirmative knowledge that any large deposit had been made and in fact made no inquiry to the bank regarding the expected deposit. In addition, the appellant's account was regularly overdrawn, a fact of which he was aware. The appellant's evidence thus failed to overcome the prima facie case established by proof of the drawing and uttering of insufficient funds checks, I.C. § 18–3106.

▉ The appellant finally assigns error to the district court's admission of certain checks (State's exhibits 23, 24, 25) on the ground that inflammatory prejudice created by their admission far exceeded any implication of knowledge by appellant of his account. While it is clear these checks were not among those for which criminal charges had been brought, it is a well-known rule of law that evidence of other offenses relevant to prove an element of the crime charged is admissible. Such evidence having a tendency to show a common scheme or plan is admissible because a common modus operandi is relevant to show identity, motive or that the crimes are so closely related that proof of one tends to establish the other. *State v. Shepherd,* 94 Idaho 227, 230, 486 P.2d 82 (1971); *State v. Thomas,* 94 Idaho 430, 489 P.2d 1310 (1971).

The exhibits were offered to show knowledge of the condition of the account and a common modus operandi. The district court found that the exhibits were closely connected in time with the offenses charged and were thus relevant to show appellant's knowledge of the condition of his accounts. The record indicates that the trial court did not abuse its discretion by admitting exhibits 23, 24, and 25.

Judgment affirmed.

McFADDEN and SHEPARD, JJ., concur.

McQUADE, Chief Justice (dissenting).

I am unable to agree with the majority opinion's conclusion that there was no prejudicial misjoinder in the present appeal. Accordingly, I must respectfully dissent.

This state has recognized the necessity of affording the trial judge the power to avoid a multiplicity of trials pursuant to Idaho Criminal Rule 13 which provides:

"Rule 13. *Trial Together Of Complaints, Indictments And Informations.* —The court may order two (2) or more complaints, indictments or informations

or both to be tried together if the offenses and the defendants, if there is more than one (1), could have been joined in a single complaint, indictment or information. The procedure shall be the same as if the prosecution were under such single complaint, indictment or information."

Whether the circumstances are such as to allow consolidation is determined by a reading of Idaho Criminal Rule 8.(b) [1] which provides;

"Rule 8.(b) JOINDER OF DEFENDANTS. Two (2) or more defendants may be charged on the same complaint, indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. [As amended.]"

I do not dispute the fact that the kidnapping charges brought against appellant could be properly consolidated with the kidnapping charges filed against his wife pursuant to I.C.R. 8(b). Appellant and his wife were both alleged to have participated jointly in the same act, to wit: kidnapping the two minor children. However, I do not believe that a sufficient connection was shown between the kidnapping offense which was alleged to have occurred on the 28th of December, and the insufficient check charges, which were alleged to have

occurred on the 24th of December to justify a joinder.

The State argued in the motion for joinder before trial, that the checks were written in furtherance of a scheme to kidnap the children. The checks were issued for the purchase of merchandise by appellant who offered to substitute cash for the checks after he was notified that he did not have sufficient funds in the bank to cover the checks. In my view the state has failed to demonstrate the nexus between the insufficient check charges and the kidnapping charge to justify a joinder. While this may not have been clear to the court at the beginning of the trial when appellant made his first motion for severance, after the court directed the jury to return a verdict of acquittal as to appellant on the kidnapping charge (thereby defeating the allegation which supported the joinder), the motion for a separate trial should have been granted.[2]

This was not a case where there was such a close connection in respect to time, place and occasion between the kidnapping charges and the insufficient funds charges that it would be difficult if not impossible to separate the proof of one charge from the proof of the other.[3] These offenses were separate and distinct; complete in themselves; independent of each other; committed at a different time and not provable by the same evidence.

" . . . joinder cannot be sustained where the parties are not the same, and where the offenses are in no wise parts

---

1. It is well established that the propriety of joinder in cases where there are multiple defendants must be tested by Rule 8(b). See 1 C. Wright, Federal Practice and Procedure, Criminal § 144, at 318 (1969) and cases cited therein.

2. In *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960); the court refused to fashion a hard and fast rule that whenever the proof failed on the allegation which originally supported the joinder, then joinder would be error as a matter of law. However, the court went on to say, at 516, 80 S.Ct. at 948,

"We do emphasize, however, that, in such a situation, the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear. And where, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice."

3. *Pointer v. United States*, 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894).

of the same transaction, and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions." [4]

It was an abuse of discretion to join for trial the kidnapping and insufficient check charges brought against appellant with the kidnapping charges filed against appellant's wife.

BAKES, J., concurring.

4. *McElroy v. United States*, 164 U.S. 76, 81, 17 S.Ct. 31, 33, 41 L.Ed. 355, 357 (1896).