702 P.2d 879

**STATE of Idaho, Plaintiff-Appellant,**

v.

**John Reynolds CHAPMAN, Defendant-Respondent.**

**No. 15284.**

Court of Appeals of Idaho.

June 26, 1985.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., A. Rene Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-appellant.

Gar Hackney, Boise, for defendant-respondent.

Before BAKES, Acting C.J., and McFADDEN and TOWLES, Acting JJ., Special Panel.

BAKES, Acting Chief Judge.

Defendant was charged with second degree kidnapping, a violation of I.C. § 18–4501(2). The district court dismissed the action based upon a legal interpretation of the statute and lack of jurisdiction. We reverse.

Defendant's wife filed for divorce and was awarded temporary custody of their five year old daughter on April 30, 1982. Defendant was present at the temporary custody hearing and was represented by legal counsel. On the afternoon of May 7, prior to the final divorce decree and award of permanent custody to the wife, defendant picked the child up at her day care center according to his weekend visitation rights. The next day defendant and the child flew out of the country to eventually arrive at London, England. Defendant failed to return the child to school on Monday morning, May 10, 1982, as required by the temporary custody order.

The final divorce decree and award of permanent custody was entered on July 2, 1982.

For more than a year defendant repeatedly called the mother refusing to reveal his whereabouts and further refusing to let the mother talk to the child except on one occasion. Under threats of never allowing the mother to see the child again, defendant attempted to have the mother reconcile the marriage, drop the criminal charges, pay certain debts for the storage of his property, move out of the State of Idaho, and transfer legal custody to him. With the aid of private investigators and law enforcement authorities, the mother was able to locate the defendant. The mother conceded to certain demands and feigned compliance with others so that defendant and the child eventually returned to the United States where he was immediately arrested for kidnapping in a New York airport, and physical custody of the child was returned to the mother.

The district court stated that "the objective facts of this case present one of the most outrageous acts of child-napping by one parent over another that this court has been privy to...." Nevertheless, the district court dismissed the charge, holding that a violation of the kidnapping statute, I.C. § 18–4501, could not be charged against a parent for the violation of a temporary custody order and that, in any event, the district court was without jurisdiction to prosecute the defendant since he was not in Idaho on May 10, the day when the child should have been returned to school, or July 2, the date of the permanent custody award, the violation of which, in the district court's opinion, could support a kidnapping charge. We reverse.

The case of *State v. Cochran*, 96 Idaho 862, 538 P.2d 791 (1975), is distinguishable from the present case and therefore not controlling. In *Cochran*, a mother was convicted of kidnapping after taking her children on a Christmas vacation trip to Montana and failing to return the children on the designated date to the state agency which had been awarded temporary custo-

dy. On appeal the conviction was reversed for lack of jurisdiction. There was insufficient evidence in *Cochran* to establish that any essential element of the alleged kidnapping crime occurred in Idaho, and therefore the jurisdiction did not exist in the State of Idaho to try the case. However, in the present case there was substantial evidence produced by testimony at the preliminary hearing and made in an offer of proof to the district court that the essential element of "intent to keep or conceal it from its parent, guardian or other person having lawful care or control thereof," I.C. § 18–4501, existed while the defendant was within the jurisdiction of Idaho. The evidence introduced and offered indicated that after defendant lost on the temporary custody hearing, he began making plans and preparations in Idaho to steal away the child. He wound up his business affairs, obtained passports for himself and the child, stored away his property, and vacated his residence secretly without notice. Where the element of intent to keep or conceal the child was committed within Idaho, the defendant may be charged with kidnapping in Idaho, even though the actual concealment occurred outside the state. *See People v. Hyatt,* 18 Cal.App.3d 618, 96 Cal.Rptr. 156 (1971). *Cf. State v. Seekford,* 638 P.2d 525 (Utah 1981) (intent to deprive owner of property).

■ The trial court dismissed the information solely on the basis that a temporary award of custody was insufficient to support a kidnapping charge. On appeal, the defendant cites two cases for the proposition that the violation of a temporary custody order as a matter of law cannot support a kidnapping charge. *Adams v. State,* 218 Ga. 130, 126 S.E.2d 624 (1962); *People v. Fields,* 101 Mich.App. 287, 300 N.W.2d 548 (1980). The *Adams* case does indeed state such a rule. However, it seems to be based on a policy that a parent has "natural rights" in a minor child and further implies that even a violation of a permanent custody award could not support a kidnapping charge against one of the parents. The *Fields* case held that a natural parent could not be charged with kidnapping under the Michigan statute and fur-

ther quoted policy language from *Adams.* We find these cases to be unpersuasive. I.C. § 18–4501 makes no distinction between temporary or permanent "lawful care or control thereof." The mother in the present case had the custodial right, and the mere fact that the custodial right was temporary does not bar the charge of kidnapping against anyone, including the other parent, who "leads, takes, entices away or detains [the child] ... with intent to keep or conceal it from its parent, guardian or other person having lawful care or control thereof...."

The cause is reversed and remanded with an order to reinstate the information against defendant.

McFADDEN and TOWLES, Acting JJ., concur.