63 P.3d 485

STATE of Idaho, Plaintiff–Respondent,

v.

Steven ANDERSON, Defendant–Appellant.

No. 26032/26033.

Court of Appeals of Idaho.

Jan. 23, 2003.

Roger B. Harris, Twin Falls, for appellant.

Hon. Lawrence G. Wasden, Attorney General; William M. Loomis, Deputy Attorney General, Boise, for respondent. William M. Loomis argued.

GUTIERREZ, Judge.

A jury found Steven Anderson guilty of misdemeanor battery, I.C. § 18–903, and resisting, delaying or obstructing a public officer, I.C. § 18–705. Anderson appeals the trial court's joinder of the battery and the resisting arrest offenses in the same trial, the prosecutor's swearing to the truthfulness of the resisting arrest complaint before the jury, and the sufficiency of the evidence to support the jury's verdict. We affirm.

## I.

### FACTS AND PROCEDURAL HISTORY

Anderson's girlfriend, Cindy Brannon, reported to the Twin Falls Police Department that Anderson had battered her. A police officer met with Brannon regarding the incident. At the time of the meeting with the officer, Brannon had some injuries to her face, throat and leg. Approximately three months later on August 13, 1998, the state filed a criminal complaint charging Anderson with misdemeanor battery arising from the incident. On the same day, the magistrate issued an arrest warrant for Anderson on the battery offense. At the time the magistrate issued the warrant, Anderson also had outstanding felony warrants for aggravated battery and rape.

On August 16, police officers observed Anderson on his bicycle and believed he had "a couple of warrants for his arrest." The officers tried to speak with Anderson, but Anderson fled on his bicycle. The officers followed Anderson to a house where a person at the house gave the officers permission to enter. The officers found Anderson hiding in a bedroom closet and took him into custody for the "two active warrants." Anderson was

charged with resisting an officer based on this incident.

At a pretrial hearing, two days before trial, the magistrate *sua sponte* joined the battery offense and the resisting arrest offense for trial. The magistrate gave no reason for his decision to join the offenses. At the time of the pretrial hearing, Anderson had separate counsel for each offense, both from the county public defender's office.

On the morning of the trial, Anderson's counsel on the resisting arrest offense made an oral motion to try the offenses separately. Anderson's counsel argued that the resisting arrest offense arose from the two felony warrants, not from the misdemeanor battery offense at issue. Thus, the resisting arrest offense and the battery offense were unrelated. The state argued that the resisting arrest offense arose out of the warrant for the misdemeanor battery offense. Neither Anderson nor the state presented evidence in support of their arguments. The magistrate ruled that the cases were related because the resisting arrest offense arose out of the warrant for the misdemeanor battery offense and denied the request to separate the jury trials.

The jury found Anderson guilty of both offenses. Anderson appealed the judgments of conviction for both offenses to the district court. The district court affirmed the judgments of conviction. Anderson appeals therefrom.

## II.

### JOINDER OF OFFENSES

■ On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993).

■ We first consider Anderson's argument that the magistrate improperly joined the battery and resisting arrest offenses. Whether the magistrate court improperly joined the offenses is a question of law over which we exercise free review. *See United States v. Lane,* 474 U.S. 438, 449 n. 12, 106 S.Ct. 725, 732 n. 12, 88 L.Ed.2d 814, 826 n. 12 (1986) (improper joinder under the Fed. R.Crim.P. 8 is a question of law); *State v. O'Neill,* 118 Idaho 244, 245, 796 P.2d 121, 122 (1990) (questions of law are subject to free review).[1] A court may order two or more complaints, indictments or informations to be tried together if the offenses could have been joined in a single complaint, indictment or information. I.C.R. 13. Two or more offenses may be joined in a single complaint, indictment or information if the offenses charged are based on the same act or transaction, or on two or more acts or transactions connected together, or constitute parts of a common scheme or plan. I.C.R. 8(a).

Assuming that the resisting arrest offense arose out of the misdemeanor battery warrant, we turn to whether the resisting arrest offense and the misdemeanor battery offense are based on the "same act or transaction" or are "two or more acts or transactions connected together" as described in Rule 8(a). We conclude that the offenses do not have a sufficient nexus to be joined under Rule 8(a). Their only relation is that the police pursued and arrested Anderson because of his misdemeanor battery warrant. The pursuit, however, occurred three months after the battery offense, involved different parties, and occurred in different locations. Moreover,

---

1. Anderson has appealed only whether the magistrate improperly joined the offenses pursuant to Rules 8(a) and 13. The state erroneously argues that the magistrate's decision to join the offenses is governed by an abuse of discretion standard, citing *State v. Cirelli,* 115 Idaho 732, 734, 769 P.2d 609, 611 (Ct.App.1989) and *State v. Gooding,* 110 Idaho 856, 719 P.2d 405 (Ct.App.1986). *Cirelli* and *Gooding,* however, address a review of a trial court's decision denying a motion for severance under I.C.R. 14. Rule 14 permits a trial court to sever defendants, or grant separate trials of counts, if a party is prejudiced by an *otherwise permissible* joinder under Rule 8(a). *See Lane,* 474 U.S. at 449 n. 12, 106 S.Ct. at 732 n. 12, 88 L.Ed.2d at 826 n. 12 (interpreting Fed.R.Crim.P. 8(b)); *State v. Caudill,* 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Abel,* 104 Idaho 865, 866 n. 1, 664 P.2d 772, 773 n. 1 (1983); *State v. Cochran,* 97 Idaho 71, 74, 539 P.2d 999, 1002 (1975); *State v. Longoria,* 133 Idaho 819, 824 n. 3, 992 P.2d 1219, 1224 n. 3 (Ct.App.1999).

the offenses do not have overlapping evidence that could be most efficiently presented by a joint trial. The misdemeanor battery offense involved a domestic situation for which the prosecution had two witnesses testify, the victim and a police officer. The resisting arrest offense involved an encounter with law enforcement for which the prosecution had entirely different witnesses testify. Although evidence that one offense had occurred may have been admissible in the trial of the other, the detailed evidence would likely have been precluded as irrelevant or unduly prejudicial. Because Anderson also had outstanding warrants for two earlier felony charges, relevance of the resisting arrest as consciousness of guilt in the battery case is tenuous. Likewise, the details of the misdemeanor battery were not vital to the prosecution for the misdemeanor resisting arrest offense. Accordingly, we determine that the joinder was in error.

■ We next turn to determining whether the misjoinder was harmless. *See Lane*, 474 U.S. at 444–51, 106 S.Ct. at 729–33, 88 L.Ed.2d at 822–27.[2] An error is considered harmless if it is beyond a reasonable doubt that the jury would have reached the same result despite the error. *See* I.C.R. 52; *State v. Trejo*, 132 Idaho 872, 879, 979 P.2d 1230, 1237 (Ct.App.1999); *State v. Miller*, 131 Idaho 288, 293, 955 P.2d 603, 608 (Ct.App. 1997); *State v. Hudson*, 129 Idaho 478, 480, 927 P.2d 451, 453 (Ct.App.1996).

In the instant case, we conclude that the jury would have found Anderson guilty of both the battery and resisting arrest offenses beyond a reasonable doubt, regardless of their joinder. Although the magistrate gave no limiting instruction, it did provide the jury with separate verdict forms for each offense, thus indicating that each offense was to be separately considered.

Most importantly, the state's evidence against Anderson was overwhelming. On the battery offense, Brannon testified that she and Anderson argued and that Anderson hit her in the head with a broom handle, breaking her glasses and cutting her nose.

Brannon also stated that Anderson choked her and kicked her while she was on the ground. An officer responding to the incident testified that Brannon was shaking and crying when he arrived at the scene of the incident. Brannon told him that Anderson had hit and kicked her. The officer also corroborated Brannon's physical injuries. According to the officer's testimony, Brannon had a red mark across the bridge of her nose, scratches down the side of her face, a skinned leg, dark red marks around her neck, and a bump on her head.

On the resisting arrest offense, two officers testified that Anderson had resisted arrest. One of the officers testified that he told Anderson he wanted to speak with him, and Anderson fled on his bicycle to a nearby residence. The officers testified that identifying themselves as police officers at the door of the residence, they advised the person at the door that Anderson was under arrest. With permission, the officers entered the house and yelled Anderson's name, announcing that they had a warrant for his arrest. Anderson hid in a bedroom under some clothes in a closet. The officers forced open the door to the bedroom and again announced that he was under arrest. Despite these actions by the officers, Anderson refused to come out from his hiding spot. Anderson's own testimony corroborated the officers' testimony on the resisting arrest offense. Anderson testified that an officer said that he wanted to talk to Anderson and that Anderson fled on his bicycle anyway. Anderson also admitted to hiding in the closet and hearing the officers tell him to come outside. He testified that the police kept telling him to come out of the closet and that he refused.

We are convinced beyond a reasonable doubt that the jury would have found Anderson guilty of both offenses regardless of whether they were tried in the same case or tried as separate cases. Accordingly, we determine that the misjoinder of the battery and the resisting arrest offenses was harmless error.

---

**2.** Although *Lane* involved the joinder of defendants under Fed.R.Crim.P. 8(b), we determine it is equally applicable to joinder under I.C.R. 8(a).

## III.

### PROSECUTORIAL MISCONDUCT

 Anderson next argues that the prosecutor committed prosecutorial misconduct when he swore as to the truth of the resisting arrest complaint in front of the jury. Prior to his opening statement, the prosecutor stated:

> Thank you, Your Honor. Your Honor, in the resisting case, there's been a request for a sworn complaint. There's one already in the other file and I'll file this now. I do swear that's true, that's (inaudible). Thank you.

 Anderson did not object to this conduct at trial. This Court ordinarily will not address an issue not preserved for appeal by an objection in the trial court. *State v. Rozajewski,* 130 Idaho 644, 645, 945 P.2d 1390, 1391 (Ct.App.1997). We may consider an issue embodying fundamental error in a criminal case, however, even though no objection was made at trial. *State v. Lovelass,* 133 Idaho 160, 167, 983 P.2d 233, 240 (Ct. App.1999); *Rozajewski,* 130 Idaho at 645, 945 P.2d at 1391. Fundamental error has been defined as error that goes to the foundation or basis of a defendant's rights, goes to the foundation of the case or takes from the defendant a right which was essential to his or her defense and which no court could or ought to permit to be waived. *State v. Babb,* 125 Idaho 934, 940, 877 P.2d 905, 911 (1994). In the case of prosecutorial misconduct, the issue may embody fundamental error if the misconduct was calculated to inflame the minds of jurors and arouse prejudice or passion against the defendant, or was so inflammatory that the jurors could have been influenced to determine guilt based on factors outside the evidence. *State v. Porter,* 130 Idaho 772, 785, 948 P.2d 127, 140 (1997).

We agree that it was error for the prosecutor to swear to the truthfulness of the complaint in front of the jury. However, it did not constitute fundamental error in this case. The informal discussion of the complaint was a brief exchange between the state and the magistrate regarding the complaint. Whether the jury even noted the significance of the sworn complaint from the exchange is dubious. Moreover, the record does not show that this exchange so aroused the passions of the jury that they could not decide the case fairly. Accordingly, we conclude that the swearing to the truthfulness of the complaint by the prosecutor, before the jury, did not rise to the level of fundamental error.

## IV.

### SUFFICIENCY OF THE EVIDENCE

 Finally, Anderson asserts that the evidence was insufficient to support the jury's verdict that Anderson was guilty of battery and resisting arrest. Appellate review of the sufficiency of the evidence is limited in scope. A judgment of conviction, entered upon a jury verdict, will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera–Brito,* 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson,* 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We will not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson,* 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker,* 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera–Brito,* 131 Idaho at 385, 957 P.2d at 1101; *Knutson,* 121 Idaho at 104, 822 P.2d at 1001.

 As discussed previously, in the instant case, there was overwhelming evidence that Anderson battered Brannon and that Anderson resisted, delayed or obstructed a public officer. Accordingly, we conclude there was substantial evidence upon which a reasonable juror could have found Anderson guilty of both offenses beyond a reasonable doubt.

## V.

### CONCLUSION

We conclude the magistrate improperly joined the battery and resisting arrest of-

fenses. The misjoinder, however, was harmless. We also conclude the prosecutor's conduct in swearing to the truthfulness of the complaint in front of the jury was error, but it did not rise to the level of fundamental error. Finally, we conclude the evidence was sufficient for the jury to find Anderson guilty of misdemeanor battery and resisting arrest. Accordingly, we affirm the district court's decision, on appeal from the magistrate, affirming Anderson's judgments of conviction.

Chief Judge LANSING and Judge PERRY concur.