IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 38366

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Opinion No. 70 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed |
| | ) | November 23, 2011 |
| v. | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| JOSEPH A. VOSS, JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Kathryn A. Sticklen, District Judge; Hon. Michael J. Oths, Magistrate.

District court's intermediate appellate decision affirming magistrate's denial of motion to suppress evidence, affirmed.

John Meienhofer, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

_____

GUTIERREZ, Judge

Joseph A. Voss, Jr. appeals the district court's intermediate appellate decision affirming the magistrate's denial of his motion to suppress evidence, contending the search of his vehicle on school grounds violated his Fourth Amendment rights. Voss argues the warrantless search without probable cause under the schoolyard search exception is unconstitutional as applied to him because: (1) it was based only on suspicion that he was in possession of tobacco; and (2) Voss is the age of majority and may legally possess tobacco products. For the reasons set forth below, we affirm.

I.

FACTS AND PROCEDURE

On April 8, 2009, the assistant principal at Timberline High School received information from an unknown person that Voss was unsafely driving his vehicle on school grounds. When the assistant principal later approached Voss to discuss the incident, he smelled cigarette smoke

1

on Voss's person. Though the assistant principal knew Voss was eighteen years old and of legal age to smoke or possess tobacco, a student's possession of tobacco on school grounds was against the school district's policy.[1] Believing that Voss would have cigarettes in his car, the assistant principal decided to search Voss's vehicle in accordance with school policy and practice.

The assistant principal enlisted the help of the school resource officer. Both individuals searched the vehicle and found a glass pipe with marijuana residue and a set of brass knuckles. Voss was cited for misdemeanor possession of drug paraphernalia and carrying a concealed weapon. Voss filed a motion to suppress the evidence on the basis the search of the vehicle violated his right to be free from unreasonable searches and seizures under the Fourth Amendment to the United States Constitution, which the magistrate denied. Using the test for reasonableness of schoolyard searches articulated by the United States Supreme Court in *New Jersey v. T.L.O.*, 469 U.S. 325 (1985), the magistrate found the search was: (1) justified at its inception because of the school policy prohibiting possession of tobacco products by all students; and (2) reasonably related in scope to the suspected offense. Voss then entered a conditional guilty plea, reserving his right to appeal the order denying his motion to suppress.

Voss appealed and the district court affirmed the magistrate's order. After the decision in district court, Voss filed a motion for reconsideration arguing that because he was of legal age to possess and use tobacco, application of the school policy--not applicable to other adults

---

[1] In relevant part, Boise School District Rule 3233 states:

> A student is in violation of District policy if he/she is involved in school related or non-school related drug use as defined herein.
>
> For the purposes of this policy, drug use is defined as the involvement with drug paraphernalia, controlled substances, or drugs, including alcohol or tobacco in any of the following ways:
>
> . . . .
> B. Securing, Using, Possessing
> - attempting to secure or purchase
> - using or the reasonable suspicion of having used
> - possessing
> . . . .
> School related drug use is a violation which occurs **on any District premises** . . . including, but not be limited to . . . District parking areas . . . .

2

connected with the school--was arbitrary and unreasonable. The district court denied the motion for reconsideration, finding the issue presented was not preserved for review. Voss filed a timely appeal regarding the motion to suppress to this Court, and we now consider whether the issue has been preserved and if so, whether the search was reasonable under principles of the Fourth Amendment.

## II.
## STANDARD OF REVIEW

We directly review decisions by the district court, rendered in its appellate capacity. *State v. Hudson*, 147 Idaho 335, 337, 209 P.3d 196, 198 (Ct. App. 2009). We examine the magistrate record to determine whether substantial and competent evidence supports the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *Id.* If those findings are so supported, and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court as a matter of procedure. *Id.* In reviewing a motion to suppress, although we accept the trial court's findings of fact supported by substantial evidence, we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996).

## III.
## DISCUSSION

### A. The Issue Has Been Preserved for Appeal.

The State argues the issue of whether the school could constitutionally apply its policy against Voss, as he was of legal age to possess tobacco, is not properly before this Court because it was not argued in the magistrate division, nor was there an adverse ruling on the issue by the magistrate. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from issues presented to the intermediate court. *State v. Sheahan,* 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). An issue is different if it is not substantially the same or does not sufficiently overlap with an issue raised before the trial court. *See id.* at 277-78, 77 P.3d at 966-67. To illustrate, the Idaho Supreme Court in *Sheahan* determined that even where the primary arguments made at trial were that unfair pretrial publicity and community prejudice deprived the

defendant of a fair trial, the trial judge had considered all of the arguments on the issue of a fair trial made by the defendant on appeal. The Court stated, "The trial judge recognized and addressed these issues as falling within the factors to be considered," and thus, they were preserved. *Id.* at 278, 77 P.3d at 967. In other words, the issues raised on appeal, though expanded upon, were substantially the same as those argued before the trial court.

We conclude Voss preserved the issue of age as it relates to the reasonableness of the search under his Fourth Amendment rights because his arguments have continually focused on whether a student's age limits the application of the schoolyard search exception. To the trial court, Voss argued two points in his motion to suppress, the second of which included an argument regarding the effect of his age.[2] Voss contended the search conducted under the schoolyard exception articulated in *T.L.O.*, which allows warrantless searches of students on school grounds under a relaxed standard of reasonable suspicion, was unreasonable where in light of his age, the alleged conduct supporting the search would not have been a crime. Voss cited to *Safford Unified Sch. Dist. No. 1 v. Redding*, ___ U.S. ___, 129 S. Ct. 2633 (2009) and *T.L.O.*, which govern searches of students on school grounds and noted the limitation of such searches: the scope of such a search is permissible where it is "not excessively intrusive in light of the *age* and sex of the student and the nature of the infraction." *Redding,* ___ U.S. at ___, 129 S. Ct. at 2642; *TL.O,* 469 U.S. at 342 (emphasis added). Voss went on to say, "*The search for tobacco products in [my] car is even more problematic in view of the fact that [I] was 18 at the time of the search, and therefore could lawfully possess tobacco products.*" (Emphasis added.)

In its decision on the motion, the magistrate recognized Voss was eighteen years old at the time of the search and addressed age as falling within the factors to be considered. Also, citing the authority in *Redding* and *T.L.O.*, the magistrate found that although possession of tobacco by Voss would not have been a crime because of his age, the authority in those cases spoke in broader terms of a school's power to enforce its rules as to all students.

---

[2] Voss's first argument was that the search, to be constitutional, required a finding of probable cause that a crime had been committed because the search was conducted in part by law enforcement, and considering he was of age to legally smoke, there was no basis to make such a finding. Voss argued this issue to the magistrate, who first rejected it. He appealed to the district court, which also ruled against him. On appeal to this Court, Voss does not renew this argument and we, therefore, do not consider it.

In his intermediate appellate brief, Voss renewed the argument regarding his age. The issue of age in this case was initially recognized by the magistrate as a factor to consider--ultimately, deciding it did not change the outcome--and Voss's developing arguments on the issue have all been maintained under the authority in *Redding* and *T.L.O.* Indeed, Voss's argument now hones in on the school policy prohibiting an adult student's possession of tobacco on school grounds and why the search failed to be justified at its inception. However, the test under *T.L.O.,* requiring a schoolyard search to be justified at its inception, is a test for reasonableness and Voss's focus is merely derivative of a broader argument that, because of his age and the suspected offense, the search was not reasonable. Though more specifically developed on appeal, Voss has presented the issue of his age from the inception of this case. Therefore, Voss presents substantially the same argument and has preserved the issue.

**B.      The Search Was Reasonable Under Fourth Amendment Principles.**

In articulating to this Court why his age makes the search unreasonable, Voss argues the search did not meet the first requirement of the two-part test articulated in *T.L.O.* because it was not "justified at its inception." He contends the search was not justified because there is no rational basis for applying a school policy--regulating student possession of alcohol, tobacco, and drugs--in a way that prohibits the possession of cigarettes in an adult student's car.[3]

The seminal case on how the Fourth Amendment applies to searches of students on school grounds is *New Jersey v. T.L.O.*, 469 U.S. 325 (1985). In *T.L.O.*, the United States Supreme Court held students do maintain a constitutional right against unreasonable searches and seizures on school grounds, but carved out an exception to the warrant and probable cause requirements of the Fourth Amendment as it applies to students in schools. Based on balancing the special needs of the schools to maintain order against the invasion the search entails, the Court found that requiring a warrant based on probable cause would undercut a school's ability to enforce its rules. Yet, in order to ensure the search of a student on school grounds by a school official is reasonable, the Court articulated a two-part test that must be met: the search must be (1) justified at its inception and (2) reasonably related in scope to the circumstances. *Id.* at 341. To be justified at its inception, there must be reasonable grounds to believe the search will reveal evidence of the violation of a law or school rule under investigation, supported by reasonable

---

[3]      The State does not address the merits of the issue in its briefing to this Court.

suspicion that the evidence will be found in the placed searched. *Id.* at 342, 345-46. In other words, the first prong determines whether a person or place can justifiably be searched, and the second prong examines the manner and extent of that search.

In applying the first prong of the test to the facts of the case before it, the United States Supreme Court found a search of a student's purse reasonable where the student, who was fourteen years old, was reported as having smoked in the school restroom. The report provided the school official reason to suspect the student was carrying cigarettes with her and the obvious place to carry them would be her purse. "[I]t was the sort of common-sense conclusio[n] about human behavior upon which practical people--including government officials--are entitled to rely." *Id.* at 346 (citations omitted). Though possession of cigarettes by itself was not a violation of school rules, smoking in that area of school grounds did violate school policy, and possession of cigarettes would corroborate the report that she was smoking. The school official's reasonable suspicion that she would have cigarettes in her purse provided the nexus between the place searched and the infraction being investigated.[4] *Id.* at 346. Thus, the search was justified.

In a later case, the United States Supreme Court further refined what constitutes a reasonable search under the schoolyard exception articulated in *T.L.O.* In *Safford Unified Sch. Dist. No. 1 v. Redding*, ___ U.S. ___, 129 S. Ct. 2633, a school official strip-searched a thirteen-year-old female student believed to be in possession of prescription and over-the-counter pain pills. The Court found the search of Redding, her backpack, and her outer clothes was justified at its inception, as possession of the pills was a violation of school rules and the school officials received information the student was involved in distributing such pills to other students. *Id.* at ___, 129 S. Ct. at 2641. However, the Court found the scope of the search was excessively intrusive under the second prong of the test in *T.L.O.* because the grounds of the suspicion, justifying the search, did not support extending the search to look for pills within the student's underwear. *Id.* at ___, 129 S. Ct. at 2641-43.

In examining the authority in the above cases, we hold that the search of Voss's vehicle was justified at its inception. Both *T.L.O.* and *Redding* indicate that the reason for the

---

[4] The Supreme Court also found that extending the scope of the search to a zippered pocket in the purse to search for evidence of drug use was reasonable, justified by first finding cigarette rolling papers which was consistent with use of marijuana.

schoolyard search exception to the warrant and probable cause requirements is precisely for the swift enforcement of school policies that maintain the order and safety of the educational atmosphere. As such, the assistant principal could justify the search of Voss's vehicle on school grounds based solely on reasonable suspicion that Voss was in possession of tobacco in violation of school policy--even if it would not otherwise constitute a crime.

In holding that a search may be justified at its inception because of reasonable suspicion the student is violating only a school rule that may or may not also constitute a crime, we find language in *T.L.O.* particularly persuasive. There, the Supreme Court stated that a search of a student by a school official "will be 'justified at its inception' when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating *either the law or the rules of the school*." *T.L.O.*, 469 U.S. at 341-42 (emphasis added). Additionally, when the Supreme Court dispensed with the warrant requirement, it noted that having to obtain a warrant "before searching a child suspected of an infraction of *school rules (or of the criminal law)* would unduly interfere with the maintenance of the swift and informal disciplinary procedures needed in the schools." *Id.* at 340. In discussing the nature of the infraction, the Court stated:

> The maintenance of discipline in the schools requires not only that students be restrained from assaulting one another, abusing drugs and alcohol, and committing other crimes, but also that students conform themselves to the standards of conduct prescribed by school authorities. We have "repeatedly emphasized the need for affirming the comprehensive authority of the States and of school officials, consistent with fundamental constitutional safeguards, to prescribe and control conduct in the schools." *Tinker v. Des Moines Independent Community School District,* 393 U.S. 503, 507, 89 S. Ct. 733, 737, 21 L. Ed. 2d 731 (1969). The promulgation of a rule forbidding specified conduct presumably reflects a judgment on the part of school officials that such conduct is destructive of school order or of a proper educational environment. Absent any suggestion that the rule violates some substantive constitutional guarantee, the courts should, as a general matter, defer to that judgment and refrain from attempting to distinguish between rules that are important to the preservation of order in the schools and rules that are not.

*Id.* at 342 n.9. The Supreme Court reinforced this policy in *Redding,* stating:

> When the object of a school search is the enforcement of a school rule, a valid search assumes, of course, the rule's legitimacy. But the legitimacy of the rule usually goes without saying as it does here. The Court said plainly in *New Jersey v. T.L.O.*, 469 U.S. 325, 342, n.9, 105 S. Ct. 733, 83 L. Ed. 2d 720 (1985),

7

that standards of conduct for schools are for school administrators to determine without second-guessing by courts lacking the experience to appreciate what may be needed. Except in patently arbitrary instances, Fourth Amendment analysis takes the rule as a given, as it obviously should do in this case. There is no need here either to explain the imperative of keeping drugs out of schools, or to explain the reasons for the school's rule banning all drugs, no matter how benign, without advance permission. Teachers are not pharmacologists trained to identify pills and powders, and an effective drug ban has to be enforceable fast. The plenary ban makes sense, and there is no basis to claim that the search was unreasonable owing to some defect or shortcoming of the rule it was aimed at enforcing.

*Redding*, ___ U.S. at ___ n.1, 129 S. Ct. at 2640 n.1. In sum, school officials are entrusted with determining what rules may be necessary to protect the order of schools, and a warrantless search of a student on school grounds may be based on reasonable suspicion that the student is violating either such a school rule or a law; there is no requirement for the infraction to be both.[5]

Although Voss was eighteen years old at the time of the search and could legally possess tobacco products, such possession would have been a violation of school policy. A ban of possession of tobacco products by all students on school grounds is not patently arbitrary when most students in high school are not the age of majority and may not legally possess tobacco. Because it is a rational rule, we take the rule as given. Furthermore, according to the Idaho

---

[5] *See also In re B.A.H.*, ___ P.3d ___, 245 Or.App. 205 (Or. Ct. App. 2011) (search of student upheld after he was found with a cigarette lighter, which was contraband according to school policy and a violation to possess on school grounds); *Johnson v. City of Lincoln Park*, 434 F. Supp. 2d 467, 475 (E.D. Mich. 2006) (search justified at inception for possession of Nintendo Gameboy on school grounds in violation of school policy). These cases demonstrate that a search may be upheld even where the school policy violation would not otherwise be a crime. This is due to the interests in maintaining a disciplined, safe, and healthy forum for education and in uniformly applying school policy to all students. In extensively reviewing case law on the subject of searches and seizures in school, one commentator noted a general outcome where courts weigh the interest of schools against the privacy of students:

> Many other courts seemed to reach a middle ground, where the Fourth Amendment was applied to searches conducted by school authorities . . . [under] a standard less exacting than the normal probable cause standard. Those courts, for the most part, upheld warrantless searches, provided they were supported by a reasonable suspicion that the search would uncover evidence of *an infraction of school disciplinary rules*.

Bill O. Heder, *The Development of Search and Seizure Law in Public Schools*, 1999 B.Y.U. EDUC. & L. J. 71, 94 (1999) (emphasis added).

Code, it is the school district's duty to protect the health and morals of *all* students, ranging from ages five to *twenty-one*, within its supervision. I.C. §§ 33-201, 33-512(4). The particular rule in this case, aimed at such protection of health and morals, applied to all students regardless of whether they may otherwise legally possess tobacco, and Voss was, at the time, a student subject to the rule's enforcement. Similar to the conclusion in *Redding*, the plenary ban of tobacco on school grounds makes sense, and there is no basis to claim that the search of Voss was unreasonable owing to some slight shortcoming in such a ban--that it also applies to adult students.

Nevertheless, Voss argues the United States Supreme Court case of *Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646 (1995), demonstrates that a rational application of a school policy depends on whether it applies to children and whether the particular activity regulated inherently involves a lower expectation of privacy. We find Voss's argument regarding the elements significant to the Supreme Court's conclusion in *Acton* inapposite to this case. In *Acton*, the Court upheld random drug testing of student athletes, which required the production of a urine sample in the presence of an adult monitor. It upheld the random testing because: (1) the policy was in regards to children within some custody of the school; (2) student athletes have a reduced expectation of privacy, voluntarily subjecting themselves to higher degrees of regulation; (3) the manner in which the samples were gathered was only relatively intrusive; and (4) the school had a compelling interest in curbing drug use among student athletes. *Id.* at 664-65. While there were facts similar to *Redding*, namely the enforcement of a school drug policy and a search that necessarily may expose intimate body parts, the differing outcomes and the Court's reasonings are easily explained: The *Acton* court did not analyze the Fourth Amendment issue raised by enforcement of the school's drug policy under the test in *T.L.O.* because the random searches were not based on any degree of individualized suspicion. *Id.* at 653. Thus, the circumstance required a closer examination of different elements. The search in *Redding* was based on individualized suspicion and, therefore, was appropriately examined under the two-part test in *T.L.O.*, providing a different outcome. As this is a case of individualized suspicion, the search of Voss's vehicle is governed by the standards in *T.L.O.* and *Redding*.

Moreover, the *Acton* court did not question the ability of the school to enforce an anti-drug policy. The Court stated, "That the nature of the concern is important--indeed, perhaps compelling--can hardly be doubted," but the question was whether the interest "appears

*important enough* to justify the particular search at hand." *Id.* at 661. The Court used those factors listed above to determine whether a random, suspicionless search was reasonable when compared to the school's interest. Here, there is no question that the assistant principal had reasonable suspicion that Voss was violating the school policy. Voss was on school grounds, smelled of cigarettes, and had driven his car to school that morning. As Voss did not have cigarettes on his person, an obvious and customary place to also look was Voss's vehicle. The school official was entitled to rely on this common sense conclusion which established the necessary nexus between the place to be searched and the possible violation of the school policy as is required by *T.L.O.* Voss has failed to demonstrate the search was not justified at its inception.

## III.
## CONCLUSION

We conclude the search of Voss's vehicle on school grounds was reasonable. Therefore, we affirm the district court's order upholding the magistrate's denial of Voss's motion to suppress evidence.

Judge LANSING and Judge MELANSON **CONCUR.**