# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 41336

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 351** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed: February 13, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KYLE STEVEN BOWER,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Juneal C. Kerrick, District Judge.

Order of the district court denying motion to sever, <u>affirmed</u>; judgment of conviction and sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant. Eric D. Fredericksen argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

SCHWARTZMAN, Judge Pro Tem

Kyle Steven Bower was charged with three sex offenses involving two alleged victims. Bower filed a motion to sever such that the charges relating to each victim would be tried separately. The district court denied the motion to sever and Bower was convicted of all three charges. Bower appeals and argues that the district court erred by denying that motion.

## I.

## BACKGROUND

Bower was charged with two counts of lewd conduct, Idaho Code § 18-1508--one for acts involving K.B., his daughter, and one for acts involving J.B., his long-term girlfriend's daughter. He was also charged with sexual abuse of a minor, I.C. § 18-1506, for acts involving K.B.

1

On July 5, 2012, Bower filed a motion to sever, but failed to explicitly set forth the legal grounds upon which his motion was based.[1] The district court held two hearings on the matter. At the first hearing on July 9, Bower presented argument in favor of his motion.[2] At the second hearing on July 19, Bower's counsel argued as follows:

> Judge, I simply just looked at the rule. And they've got two different victims alleged in this information--the indictment, I should say--and quite a difference in time frame between when the alleged events took place.
>
> And, I mean, my position is it's improper to try the two cases together because it's unduly prejudicial to Mr. Bower to have two separate, complete-- alleged victims talking about stuff that took place on completely different dates and time frames in the same trial. It's just way unduly prejudicial. And that's why I feel they should be severed.

The State responded that the acts in question constituted part of a common scheme or plan committed by a person in a position of trust. It argued that Bower was not entitled to severance pursuant to Idaho Criminal Rule 14, because he could not show undue prejudice, and that severance would waste judicial resources; evidence of both molestations would be admitted at both trials, either as direct evidence of the offense or as prior bad act evidence.

The district court issued a written ruling on August 31, 2012, holding that severance was not required pursuant to I.C.R. 14. It reasoned that the jury would not confuse the evidence regarding each child because the events were temporally distinct. Furthermore, any prejudice caused by the multiplicity of charges could be cured by a limiting instruction.[3] It concluded that the State had made "at least a *prima facie* showing that evidence of [Bower's] conduct in

---

[1]     Neither party filed a brief related to the severance motion.

[2]     We do not have the transcript for the July 9 hearing. In his notice of appeal, Bower did not specifically designate and request the transcript for the July 9 hearing. *See* Idaho Appellate Rule 25(d)(5) (explaining that transcripts for certain pretrial hearings, including motions to sever, must be specifically designated and requested). On appeal, the appellant bears the responsibility of providing a sufficient record to substantiate his claims on appeal. *State v. Murphy*, 133 Idaho 489, 491, 988 P.2d 715, 717 (Ct. App. 1999) (concerning a transcript not contained in the record). We will not presume error, if the record is not adequately supported by the appellant. *Id.*

[3]     The jury was given both general and specific instructions regarding the multiplicity of charges. Generally, the jury was told that it could only consider the evidence submitted at trial and that the indictment was not evidence. More specifically, the jury was instructed that it was to consider and decide each count separately.

2

Count II [relating to J.B.] would be admissible in a trial on Counts I and III [relating to K.B.] and vice versa." Bower did not file a motion to reconsider. The case proceeded to trial, but the court declared a mistrial after the jury was unable to reach a verdict. Following a second trial, the jury found Bower guilty of all three counts.

## II.

## ANALYSIS

The primary issue in this appeal is the scope of Bower's motion to sever. Bower argues that the district court committed "legal error" because its analysis was based on the misunderstanding that the motion to sever was one brought under I.C.R. 14, rather than a claim that the original joinder was improper under I.C.R. 8. In response, the State does not contend that the district court properly analyzed the case under Rule 8; instead, it claims that the district court was not required to address the propriety of the initial joinder because Bower failed to raise that issue in the district court.

### A. Idaho Law Provides Two, Independent Grounds for Severance

The parties do not dispute the substantive law governing joinder; both agree that Idaho law provides two, independent grounds upon which a defendant may seek to have his charges severed.[4] Pursuant to I.C.R. 8(a), the State may join two or more charges in a charging document where the charges "are based on the same act or transaction . . . or constitut[e] parts of a common scheme or plan." Idaho decisional law permits a defendant to challenge the State's joining of two offenses by arguing that the requirements of I.C.R. 8 have not been met. *See State v. Field*, 144 Idaho 559, 565, 165 P.3d 273, 279 (2007); *State v. Anderson*, 138 Idaho 359, 361, 63 P.3d 485, 487 (Ct. App. 2003).

Idaho Criminal Rule 14 provides for a different kind of relief. Pursuant to that rule, a defendant may seek to sever charges, even if the requirements of I.C.R. 8 have been met, when the joinder results in unfair prejudice. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985) ("Parties properly joined under I.C.R. 8(b) may be severed under I.C.R. 14 if it appears that joint trial would be prejudicial."); *Anderson*, 138 Idaho at 361 n.1, 63 P.3d at 487 n.1 ("Rule 14 permits a trial court to sever defendants, or grant separate trials of counts, if a party is

---

[4] Bower concedes that the Idaho Supreme Court has explained that a claim that charges were improperly joined under Rule 8 involves different considerations and a different standard of review than a motion to sever brought pursuant to Idaho Criminal Rule 14.

prejudiced by an *otherwise permissible* joinder under Rule 8(a).”); *State v. Longoria*, 133 Idaho 819, 824 n.3, 992 P.2d 1219, 1224 n.3 (Ct. App. 1999) (the Court declined to address Rule 8 issues, i.e., the propriety of the initial joinder, because the motion to sever only raised Rule 14 issues, i.e., prejudice); *see also Zafiro v. United States*, 506 U.S. 534, 538 (1993) (applying the analogous federal rule and holding that “Rule 14 recognizes that joinder, even when proper under Rule 8[], may prejudice either a defendant or the Government”); *United States v. Chavis*, 296 F.3d 450, 457 (6th Cir. 2002) (“Rule 14 authorizes a defendant to move for severance in situations in which joinder of multiple offenses or defendants is proper under Rule 8, but nonetheless would be prejudicial to the defendant.”). Generally, Idaho courts have considered three potential sources of prejudice when addressing a motion to sever based upon I.C.R. 14:

> (a) the possibility that the jury may confuse and cumulate the evidence, rather than keeping the evidence properly segregated; (b) the potential that the defendant may be confounded in presenting defenses; and (c) the possibility that the jury may conclude the defendant is guilty of one crime and then find him guilty of the other simply because of his criminal disposition, i.e. he is a “bad person.”

*Longoria*, 133 Idaho at 824, 992 P.2d at 1224 (quoting *State v. Abel*, 104 Idaho 865, 868, 664 P.2d 772, 775 (1983).

## B.    Preservation of the Improper Joinder Issue in the District Court

Although the parties appear to agree on the substantive law of joinder, they dispute the nature of the motion below. The relevant portions of Bower’s motion contain four contentions:

1.    The facts and circumstances surrounding the Counts are separate and apart from each other.
2.    The incidents resulting in the bringing of these Counts are separate.
3.    The alleged victims in these Counts are different and the dates for the alleged acts to have been committed are years apart.
4.    Having these counts together will highly prejudice defendant.

Bower argues that we should infer that Rule 8, and not Rule 14, was at issue in this case, because the “bulk” of his motion “was centered on the dissimilarities between” the charges. But, Bower concedes that some of his arguments would not be applicable to the Rule 8 analysis, including repeated references to prejudice.

Bower also argues that the district court discussed Rule 8 in its analysis. Certainly, the district court referenced Rule 8 in its order. But the district court was not applying Rule 8 or even acknowledging that it was raised. Indeed, the only reference to Rule 8 is a parenthetical to the citation of *Longoria*, 133 Idaho at 824 n.3, 992 P.2d at 1224 n.3. Here, the district court

discussed a *Longoria* footnote wherein this Court noted that the defendant had not made any argument that the initial joinder of the charges was impermissible pursuant to I.C.R. 8(a), but only argued that he was prejudiced by the joinder.

Conversely, the State notes that Bower made repeated references to "prejudice" as the reason the counts should be severed. That argument tracks the language in Rule 14, which provides relief when a party is "prejudiced by a joinder." Moreover the State notes that Bower failed to cite Rule 8 or discuss the applicable standard.

On appeal, both parties frame this issue as a question of preservation. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Voss*, 152 Idaho 148, 150, 267 P.3d 735, 737 (Ct. App. 2011); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). In particular, an appellant is barred from arguing an issue that differs from the ones raised below. *Voss*, 152 Idaho at 150, 267 P.3d at 737. Conversely, this Court is authorized to review a claim that is substantially the same or sufficiently overlaps with an issue raised before the trial court. *Id.*

There are several persuasive grounds upon which this Court concludes that the issue was not preserved. First, after searching the record before us, we have failed to find any direct evidence that Bower cited Rule 8, quoted or paraphrased the language of Rule 8, or made any argument that can be definitively or solely attributed to Rule 8. For example, dissimilarities in the offenses are relevant to the I.C.R. 14 analysis. If the offenses are dissimilar, the defendant may be confounded in presenting defenses. He might wish to generally deny one set of facts, but claim that he lacked the requisite criminal intent as to other charges.

Second, Bower's argument that his claim is preserved implicitly depends upon the premise that the Rule 8 and Rule 14 analyses are substantially the same or sufficiently overlapping. That argument is strained by the fact that Bower's claim of error is premised on an argument that Rule 8 and Rule 14 are distinct--so distinct that the district court erred by misconstruing an ambiguous motion. We conclude that the issues are not so similar that we may deem the Rule 8 issue preserved. Rule 8 analysis significantly differs from the Rule 14 analysis; each analysis requires that a court answer fundamentally different questions. For example, a court deciding whether the charges flow from a common scheme or plan would not perform the same analysis when deciding whether a defendant would be confounded in presenting defenses.

Third, Bower's arguments would unfairly shift the burden of setting forth the legal grounds upon which a motion is based from a party to the court. Generally, it is a party's duty to set forth the substantive and procedural grounds upon which he seeks relief. *See, e.g.*, *O'Dell v. Basabe*, 119 Idaho 796, 809, 810 P.2d 1082, 1095 (1991) ("Trial judges should not be required to attempt to guess at the applicable rule governing each charge of error claimed by the moving party. It is incumbent upon counsel to set out the legal basis for each motion [and] set forth the basis in the record upon which the motion rests."); *see also State v. Frederick*, 149 Idaho 509, 513, 236 P.3d 1269, 1273 (2010) (declining to consider a case under the Idaho Constitution because the defendant failed to raise that issue); *State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010) (discussing the policy reasons that appellate courts require claims to be brought to the attention of the district court). Under Bower's approach to ambiguous motions, the district court would be required to act as an advocate, canvassing the entire corpus of Idaho law to find the grounds upon which a motion might rest. His approach would require reversal if a defendant can convince an appellate court that alternative grounds for relief exist, beyond those conceived by the district court. This approach to ambiguous motions is inconsistent with general principles of judicial efficiency and the role of Idaho's appellate courts.

Finally, we note that Bower failed to file a motion to reconsider. If a trial court issues a ruling and a party believes that the ruling is incomplete because it fails to address an issue that was raised, one procedurally proper means to remedy that deficiency is the filing of a motion to reconsider. *See State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988) (this Court has held that a motion to reconsider, if not prohibited by an applicable rule, grants the trial court the "discretion to reexamine his prior ruling and to consider all information pertinent to the subject"). Here, the district court failed to review the Rule 8 issue--it cited a case explaining that a court need only address Rule 14 issues when Rule 14 is raised but Rule 8 is not. Thus, the court provided Bower notice of the scope of its ruling. In essence, if Bower believed that, as argued on appeal, the district court "misunderstood" the basis for his motion, he should have raised it below, rather than for the first time on appeal.

We are constrained to the view that Bower has failed to show that the issue of Rule 8 joinder was preserved on appeal. In addition, we agree with the district court that the State made at least a prima facie showing that evidence of defendant's conduct in Count II would be admissible in a trial on Counts I and III and vice versa. *See Longoria*, 133 Idaho at 825, 992

6

P.2d at 1225. Both girls testified that Bower began by manually touching their genitals. K.B. testified that Bower's advances escalated until he had sex with her. Thereafter, she reported the molestations to a friend and eventually to the police. Only then did the sexual assaults cease. J.B., who considered Bower to be her main father figure,[5] testified that she resisted Bower's advances by attempting to grab a phone and call police and that Bower never tried to touch her again. Bower admitted that he maintained a regular practice of calling all of his daughters into his bedroom on Saturday mornings and requiring them to give him backrubs while he was mostly unclothed. The evidence showed that this was a method of "grooming" the children for sexual assault. Both girls testified that Bower would occasionally tell one of the girls to remain behind and continue the back rubs, isolating a single girl in his bedroom. Likewise, both girls testified that the first time Bower molested them, he did so after isolating them in that way, touching them after the other girls had left.

## III.

## CONCLUSION

Bower has failed to show that he sought severance pursuant to I.C.R. 8. Accordingly, we uphold the order denying the motion to sever under I.C.R. 14. The judgment of conviction is, therefore, affirmed.

Judge GUTIERREZ and Judge GRATTON **CONCUR.**

---

[5] J.B. and K.B. lived together for several years, including at the time that Bower allegedly molested J.B. Bower has four children, all girls, and acted as a stepparent to J.B.

7